**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000569
08-JUN-2018
08:31 AM**

NO. CAAP-17-0000569

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SAMUEL A. CARTER, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 16-1-0024; CR. NO. 99-2002)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Petitioner-Appellant Samuel A. Carter (**Carter**), also known as Tony Johnson, appeals from the Order Denying Petitioner's Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody (**Order Denying Petition**) entered against him and in favor of Respondent-Appellee State of Hawai'i (**State**) in the Circuit Court of the First Circuit (**Circuit Court**) on June 27, 2017.[1]

After a jury trial, Carter was found guilty of three class C felonies, and on August 28, 2000, Carter was sentenced to three extended term ten-year sentences of incarceration.[2]

---

[1]     The Honorable Edward H. Kubo, Jr. presided.

[2]     The Honorable John C. Bryant, Jr. presided.

The Circuit Court later amended Carter's sentences on March 16, 2004, in its Second Amended Judgment Guilty Conviction and Sentence (**Second Amended Judgment**), but the extended terms at issue were left unaltered.[3]

On September 2, 2016, Carter filed his petition for post-conviction relief pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (**Rule 40 Petition**). The Circuit Court held a hearing regarding the Rule 40 Petition on May 16, 2017, and then entered its Order Denying Petition on June 27, 2017. In its Order Denying Petition, the Circuit Court made the following conclusions of law which are relevant to this appeal.

D.      Therefore, under the above case law, this Court concludes:

1)      The Mauqaoteqa case rejects the Petitioner's assertion that when he was sentenced in 2000, the Sentencing Court erred in granting the State's Motion for Extended Term of Imprisonment, by not providing him with a jury determination on the motion. Petitioner was not entitled to such relief because Mauqaoteqa only applied prospectively after 2007.

2)      Furthermore, because Petitioner's sentence became final in 2003, four years before Mauqaoteqa was decided, the Mara case confirms that Petitioner could not collaterally attack his extended prison term based on Apprendi.

On appeal, Carter contends that the Circuit Court erred in denying his Rule 40 Petition because Conclusions of Law (COLs) D.1) and D.2) were erroneous.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Benitez's point of error as follows:

---

[3]      The Honorable Karl K. Sakamoto presided.

Based on the Hawai'i Supreme Court's opinion in Flubacher v. State, 142 Hawai'i 109, 414 P.3d 161 (2018), we agree. In Flubacher, the State conceded, and the supreme court concluded, that "**any extended term sentence imposed after June 26, 2000**, in which the court, not a jury, found the fact of 'necessary for protection of the public' is in violation of Apprendi." Flubacher, 142 Hawai'i at 114, 414 P.3d at 166 (emphasis added).

Here, Carter's extended term sentences were imposed on August 28, 2000, approximately two months after Apprendi. Moreover, a judge, not a jury, made the required findings that an extended term was necessary for protection of the public. Although his sentences were amended on March 16, 2004, in other aspects, the extended terms were left unaltered.

Accordingly, COL D.1), which asserted that Carter was not "entitled to [a jury determination]" on the motion, was erroneous. Furthermore, COL D.2), which determined that Carter "could not collaterally attack his extended prison term based on Apprendi," was also wrong.

For these reasons, the Circuit Court's June 27, 2017 Order Denying Petition and the portions of the March 16, 2004 Second Amended Judgment imposing extended term sentences are

vacated, and this case is remanded for further proceedings consistent with <u>Flubacher</u>.

DATED: Honolulu, Hawai'i, June 8, 2018.

On the briefs:

Shawn A. Luiz,
for Petitioner-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge